**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL NAVARRO JONES,<br><br>    Petitioner,<br><br>vs.<br><br>THOMAS MILLER,[1]<br><br>    Respondent. | No. C06-2039-LRR<br><br>INITIAL REVIEW ORDER |

This matter is before the court on the petitioner's application to proceed in forma pauperis, application for appointment of counsel and application for a writ of habeas corpus. The petitioner submitted his applications on June 5, 2006.

The petitioner has submitted an application that meets the requirements of 28 U.S.C. § 1915(a). Accordingly, in forma pauperis status shall be granted. The Clerk of Court shall file the application for a writ of habeas corpus without the prepayment of fees and costs. Rule 3(a), Rules Governing Section 2254 Cases; 28 U.S.C. § 1915.

The petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his conviction and resulting confinement. In the Iowa District Court in and for Black Hawk County, the petitioner was convicted of third degree sexual abuse, as a habitual offender, in violation of Iowa Code section 709.4(1) and Iowa Code section 902.8. *See*

---

[1] The court notes that the petitioner brings this action against "Thomas Miller." 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named "Thomas Miller" as the respondent.

*State v. Jones*, No. FECR111895 (Black Hawk County Dist. Ct. 2003).[2] The petitioner appealed. On February 15, 2006, the Iowa Court of Appeals reversed the judgment of the Iowa District Court in and for Black Hawk County and remanded for a new trial. On April 25, 2006, procedendo issued. On July 14, 2006, the Iowa District Court in and for Black Hawk County ordered the petitioner to be released from custody because a jury found the defendant not guilty.

Prior to his new trial, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In such application, the petitioner asserts that his constitutional rights are being denied because procedendo issued and the Iowa District Court in and for Black Hawk County refuses to grant him a new trial or release him. He also asserts that he has not filed a direct appeal because the Iowa District Court in and for Black Hawk County refuses to rule on several of the motions that he filed.

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Pursuant to 28 U.S.C. § 2254(a), a petitioner must be "in custody pursuant to the judgment of a State court." Clearly, during his second trial, a jury acquitted the petitioner of the third degree sexual abuse charge, and, consequently, the Iowa District Court in and for Black Hawk County ordered the petitioner to be released. This court's records also

---

[2] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

indicate that the petitioner is no longer confined at the Anamosa State Penitentiary and he is currently residing at 903 Logan Avenue in Waterloo, Iowa. Accordingly, the court lacks jurisdiction in this action, and it is appropriate to summarily dismiss the petitioner's action.[3]

Given the court's decision to dismiss this action, the court deems it appropriate to deny as moot the petitioner's application for appointment of counsel.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application to proceed in forma pauperis is granted.

(2) The Clerk of Court is directed to file the application for a writ of habeas corpus without the prepayment of fees and costs.

(3) The petitioner's 28 U.S.C. § 2254 application is dismissed.

(4) The petitioner's application for appointment of counsel is denied as moot.

**DATED** this 27th day of July, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3] The court also notes that, even if the initial review of the petitioner's application had been conducted earlier, the petitioner could not proceed with his action because he failed to adequately present his claims to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b).